IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CSW ENERGY SERVICES, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-0722-L |
| § | **ECF** |
| **CURRIE TECHNOLOGIES, INC.,** § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Request for Entry of Default and Motion for Default Judgment, filed April 26, 2006. After careful consideration of the motion, briefs, response, reply, record and applicable authorities, the court **denies** Plaintiff's Request for Entry of Default and Motion for Default Judgment.

### **I. Background**

Plaintiff CSW Energy Services, Inc. ("CSW") filed this breach of contract action in the County Court at Law No. 2, Dallas County, Texas, against Defendant Currie Technologies, Inc. ("Currie") on March 21, 2006. Currie removed the action to federal court on April 21, 2006, according to the docket sheet.[*]

CSW requests the entry of default and default judgment pursuant to Fed. R. Civ. P. 55. CSW contends that a default should be entered against Currie because it did not timely plead or otherwise

---

[*]When there is a conflict with respect to the date a document was filed, the court goes by the file-stamped date on the document itself and the date of filing listed on the clerk's docket sheet as the date a document was filed rather than the representations and statements of the parties.

**Memorandum Opinion and Order - Page 1**

defend this action pursuant to the Federal Rules of Civil Procedure. For the reasons stated herein, the court determines that Currie is not in default.

## II. <u>Analysis</u>

Both parties miss the mark in this case. As previously stated, Currie removed this action to this court on April 21, 2006. The dispute between the parties seems to be over the "five-day" language in Fed. R. Civ. P. 81(c). This provision of the rule provides that a "defendant shall answer or present the other defenses or objections available under these rules . . . within 5 days after the filing of the petition for removal." *Id*. In determining whether Currie is in default, the court must also consider Fed. R. Civ. P. 6(a), which relates to computation of time. Rule 6(a), among other things, provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation [of time]." *Id.*

The court simply does not understand the basis for the dispute regarding default. The notice of removal was filed on April 21, 2006, which was a Friday. As the 22nd and 23rd of April, 2006, fell on a Saturday and Sunday, respectively, these days are excluded. The first countable day was Monday, April 24, 2006. Counting five days from Monday, the five-day time period ends on April 28, 2006. Under the plain language and application of the rules, Currie had until April 28, 2006, to file its answer or otherwise defend or object. Currie filed Defendant's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue to the Central District of California on April 28, 2006. Currie thus timely answered, defended or objected to CSW's Original Petition. Accordingly, Currie is not in default, and CSW filed its request for entry of default and default judgment prematurely.

An alternative basis for denying the relief requested by CSW is that it clearly exalts form over substance. Even if the court were to accept CSW's interpretations and calculations as correct, CSW is moving for default and default judgment merely because Currie was a *day or two late*. This is a classic case of not just being technical but hypertechnical to achieve a result frowned upon by the courts.

Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted). The sole reason that CSW seeks the relief it requested is the alleged failure of Currie to meet a procedural time requirement. Further, this is not a case in which Currie has brought the adversary process to a halt. Under these circumstances, the relief requested by CSW is simply unwarranted.

### III. Conclusion

For the reason stated herein, Currie is not in default. Moreover, even if Currie were in default, entry of default judgment would be unwarranted. Accordingly, the court **denies** Plaintiff's Request for Entry of Default and Motion for Default Judgment.

**It is so ordered** this 5th day of February, 2007.

Sam A. Lindsay
United States District Judge